UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID WILLIAMS,                    :
     Plaintiff              :
                            :

     vs.                      :   CIVIL NO. 1:14-CV-1761
                            :
                            :

CONEWAGO TOWNSHIP BOARD            :
OF SUPERVISORS, *et al.*,         :
     Defendants             :
                            :

M E M O R A N D U M

*I.*      *Introduction*

On September 10, 2014, Plaintiff David Williams filed suit against the

Conewago Township Board of Supervisors, alleging that he suffered retaliation in

violation of the First Amendment and that Defendants engaged in a civil conspiracy.

(Doc. 1).  On October 2, 2014, Defendants filed the instant motion to dismiss, arguing

that Plaintiff fails to state a claim on which relief can be granted.  (Doc. 13).  Plaintiff

contends that he has set forth sufficient facts to meet the pleading standard.  (Doc. 19 at

6).  For the reasons that follow, we will grant the motion.

*II.*      *Background*

The following facts are set forth in Plaintiff's complaint and are taken as

true, as they must be when considering a motion to dismiss, Fowler v. UPMC Shadyside,

578 F.3d 203, 210 (3d Cir. 2009):  Plaintiff, David Williams, is the Chief of Police for the

Conewago Township Police Department.  (Doc. 1, ¶ 13).  Defendants are members of

the township's Board of Supervisors.  (Doc. 1, ¶¶ 3-7).  On August 19, 2013, the police

department executed a collective bargaining agreement with Conewago Township.  (Id.,

¶ 16).  On October 21, 2013, Defendant Krum telephoned Plaintiff and instructed him to

attend a Board of Supervisors Executive Session meeting.  (Id. ¶¶ 20-21).  At that

meeting, Plaintiff was told to fire one of his detectives–Patrolman Hartlaub–because

Hartlaub had been involved in the negotiation of the collective bargaining agreement and

had filed a grievance.  (Id. ¶¶ 22-23).  Following this meeting, Defendants repeatedly

asked Plaintiff if he had fired Hartlaub.  (Id., ¶ 27).  Defendants also asked Plaintiff to fire

Officer Alridge because he suffered a work-related injury and he did not make enough

traffic arrests.  (Id., ¶ 57).  When Plaintiff refused to fire these officers, Defendants

retaliated against him.  (Doc. 1, ¶ 26).

      Plaintiff has identified several incidents that he claims constitute unlawful

retaliation.  The first instance of alleged retaliation occurred in June 2014, when

Defendants instructed Plaintiff to install a new IT system in the police department,

despite knowing that Plaintiff was not knowledgeable in the area of IT.  (Id., ¶¶ 60-63).

Plaintiff properly installed the system.  (Id. ¶ 64).  Next, Defendants asked Plaintiff to

purchase a new copier/fax machine for the police department, even though this task was

not normally part of his duties.  (Doc. 1, ¶ 66).  Plaintiff purchased the copier, but was

reprimanded regarding the specifications of the copier during a July 2014 township

meeting.  (Id., ¶¶ 67, 73).  Plaintiff was also disciplined for using a township vehicle to

drive a short distance to wish another township employee happy birthday.  (Id., ¶ 76).

On an unspecified date, Defendant Bortner instructed Plaintiff not to hire a replacement officer when one of the officers left the department, even though the collective bargaining agreement required that the officer be replaced.  (Id. ¶¶ 80-83).  Contrary to Bortner's instructions, Plaintiff hired a replacement officer.  (Id. ¶ 85).  Despite the fact that it was cramped, Defendant Bortner refused to expand the police facility.  (Id., ¶ 86).  Finally, Plaintiff was given the duty of disposing of the trash at the police department, was assigned additional overtime, and was required to produce a doctor's note when he was absent for more than two days.  (Id., ¶¶ 90, 93, 95).  As a result of Defendants' actions, Plaintiff claims that his employment with Conewago Township is now in serious jeopardy. (Id., ¶ 26).

III.       Discussion

    A.  Standard of Review

        Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)).  While a complaint need only contain "a short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, (2007), a complaint must plead "enough facts to state a claim to relief that is

3

plausible on its face." Id. at 570.  "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at

556).  "[L]abels and conclusions" are not enough, and a court is "'not bound to accept as

true a legal conclusion couched as a factual allegation.'" Twombly, 550 U.S. at 555

(quoted case omitted).

In resolving a motion to dismiss, we thus "conduct a two-part analysis."

Fowler, supra, 578 F.3d at 210.   First, we separate the factual elements from the legal

elements and disregard the legal conclusions.  Id. at 210-11.  Second, we "determine

whether the facts alleged in the complaint are sufficient to show that the plaintiff has a

'plausible claim for relief.'" Id. at  211 (quoted case omitted).

### B.  First Amendment Retaliation Claim (Count I)

To state a claim for First Amendment retaliation, Plaintiff must show:  (1)

that the activity in question is protected by the First Amendment, and (2) that the

protected activity was a substantial factor in the alleged retaliatory action.  Hill v. Borough

of Kutztown, 455 F.2d 225, 241 (3d Cir. 2006).  "A public employee's statement is

protected activity when (1) in making it, the employee spoke as a citizen, (2) the

statement involved a matter of public concern, and (3) the government employer did not

have an 'adequate justification for treating the employee differently from any other

member of the general public' as a result of the statement he made." Id. (quoting

Garcetti v. Ceballos, 547 U.S. 410, 418 (2006)).

4

Plaintiff claims that his refusal to retaliate against and/or fire the police officers under his supervision constitutes protected activity. (Doc. 19 at 7-8). In order to determine whether Plaintiff's activity is indeed protected, we must decide whether his speech was made as a citizen or pursuant to his official duties. Here, it is obvious that Plaintiff's speech was made in his capacity as the Chief of Police. A citizen would have no standing to fire or to discipline a police officer. In fact, in his complaint, Plaintiff explicitly states that he was acting in his capacity as the Chief of Police when he refused to fire the officers. See Doc. 1, ¶ 101 (stating that Plaintiff "had every right . . . to express himself *in his capacity as Chief of Police of Conewago Township* with respect to his refusal to retaliate . . . against the police officers . . . .") (emphasis added). Plaintiff specifically alleges that he had "a duty as Chief of Police, to uphold the law and therefore was within his First Amendment rights when he articulated his refusal to violate the Collective Bargaining Agreement . . . ." (Id., ¶ 102). Because Plaintiff's speech was made pursuant to his official duties, it is not protected by the First Amendment. We will dismiss count one of the complaint without prejudice.

   *C. Section 1985 Conspiracy Claim*

   42 U.S.C. § 1985(3) was originally part of Section 2 of the Klu Klux Klan Act of 1871, and is intended to provide a federal remedy for those suffering racial or other class-based discrimination. Farber v. City of Paterson, 440 F.3d 131, 134-35 (3d Cir. 2006). To state a claim under Section 1985(3), Plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving any person or class of persons the equal protection of the

laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is injured or deprived of his rights.  Id.  "[A] plaintiff must allege *both* that the conspiracy was motivated by discriminatory animus *against an identifiable class* and that the discrimination against the identifiable class was *invidious*."  Id. at 135 (emphasis added). Plaintiff has failed to allege any facts that support a claim of racial or other class-based discrimination.  While Plaintiff appears to be claiming that Defendants discriminated against him on the basis of his union membership, Section 1985(3) does not protect against discrimination based on political affiliations, including union membership or non-membership.  See United Broth. of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott, 463 U.S. 825, 838 (1983); Farber, 440 F.3d at 138-43.  Because Plaintiff has failed to allege any facts regarding a class-based conspiracy, we will dismiss count two of the complaint without prejudice.

IV.        *Conclusion*

For the reasons stated above, Defendants' motion to dismiss (Doc. 13) will be granted.  We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge