UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID WILLIAMS,<br>　　　Plaintiff | :<br>:<br>: |
| vs. | : CIVIL NO. 1:14-CV-1761<br>:<br>: |
| CONEWAGO TOWNSHIP BOARD<br>OF SUPERVISORS, *et al.*,<br>　　　Defendants | :<br>:<br>:<br>: |

*M E M O R A N D U M*

*I.*　　　*Introduction*

On September 10, 2014, Plaintiff David Williams filed suit against the Conewago Township Board of Supervisors, alleging that he suffered retaliation in violation of the First Amendment, and that Defendants engaged in a civil conspiracy. (Doc. 1). On October 2, 2014, Defendants filed a motion to dismiss. (Doc. 13). We granted Defendants' motion on December 4, 2014, but gave Plaintiff 30 days to file an amended complaint if he could state a valid claim. (Doc. 23). On January 5, 2015, Plaintiff filed an amended complaint (Doc. 24) asserting two new causes of action: a due process claim for a deprivation of Plaintiff's liberty interest in his reputation, and a claim for interference with his rights under the Family Medical Leave Act ("FMLA"). On January 20, 2015, Defendants filed a motion to dismiss the amended complaint. (Doc. 25). For the reasons stated herein, we will grant the motion.

*II.     Background*

The following facts are set forth in Plaintiff's complaint and are taken as true, as they must be when considering a motion to dismiss, Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009):  Plaintiff, David Williams, is the Chief of Police of Conewago Township.  (Doc. 24, ¶ 13).  Defendants are members of the township's Board of Supervisors.  (Doc. 24, ¶¶ 3-7).  On August 19, 2013, the police department executed a collective bargaining agreement with Conewago Township.  (Id., ¶ 16).  Following the execution of this agreement, Defendant Bortner made disparaging remarks about the police department at township meetings.  (Doc. 24, ¶¶ 28-30).  On October 21, 2013, Defendant Krum telephoned Plaintiff and instructed him to attend a Board of Supervisors Executive Session meeting.  (Id. ¶¶ 20-21).  At that meeting, Plaintiff was told to fire one of his detectives–Patrolman Hartlaub–because Hartlaub had been involved in the negotiation of the collective bargaining agreement and had filed a grievance.  (Id. ¶¶ 22-23).  Following this meeting, Defendants repeatedly questioned Plaintiff about firing Hartlaub.  (Id., ¶ 27).  Defendants also asked Plaintiff to fire Officer Alridge because he suffered a work-related injury and he did not make enough traffic arrests.  (Id., ¶¶ 57-58).  When Plaintiff refused to fire these officers, Defendants retaliated against him.   (Doc. 24, ¶ 26).

Plaintiff has identified several incidents that he claims constitute unlawful retaliation.  The first instance occurred in June 2014, when Defendants instructed Plaintiff to install a new IT system in the police department, despite knowing that Plaintiff

was not knowledgeable in the area of IT. (Id., ¶¶ 60-63). Plaintiff properly installed the system. (Id., ¶ 64). Defendants also asked Plaintiff to purchase a new copier/fax machine for the police department, even though this task was not normally part of his duties. (Doc. 24, ¶ 66). Plaintiff purchased the copier, but was reprimanded regarding the specifications of the copier during a July 2014 township meeting. (Id., ¶¶ 67, 73-74). Plaintiff was also disciplined for using a township vehicle to drive a short distance to wish another township employee a happy birthday. (Id., ¶ 76). On an unspecified date, Defendant Bortner instructed Plaintiff not to hire a replacement officer when one of the officers left the department, even though the collective bargaining agreement required that the officer be replaced. (Id., ¶¶ 80-83). Contrary to Bortner's instructions, Plaintiff hired a replacement officer. (Id., ¶ 85). Defendant Bortner also refused to expand the police facility despite the fact that it was cramped. (Id., ¶ 86). Finally, Plaintiff was given the duty of disposing of the trash at the police department, was assigned additional overtime, and was required to produce a doctor's note when he was absent for more than two days. (Id., ¶¶ 90, 93, 95). As a result of this alleged ongoing harassment, Plaintiff was taken to the hospital for chest pains, and requested short-term disability leave. (Doc. 24, ¶ 94). Plaintiff claims that Defendants' actions have placed his continued employment with Conewago Township in serious jeopardy. (Id., ¶ 26).

*III.     Discussion*

   *A. Standard of Review*

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, and a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Twombly, 550 U.S. at 555 (quoted case omitted).

In resolving a motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine

whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoted case omitted).

### B. Due Process "Stigma Plus" Claim

Plaintiff alleges that Defendants violated his due process rights by depriving him of his liberty interest in his reputation. (Doc. 24 at 20). Because "reputation *alone* is not an interest protected by the Due Process Clause[,]" Dee v. Borough of Dunmore, 549 F.3d 225, 233 (3d Cir. 2008), to state a claim for deprivation of a liberty interest in one's reputation, "a plaintiff must show a stigma to his reputation *plus* deprivation of some additional right or interest." Hill v. Borough of Kutztown, 455 F.3d 225, 236 (3d Cir. 2006) (citations omitted). This test is referred to as the "stigma-plus" test. Id.

> In the public employment context, the "stigma-plus" test has been applied to mean that when an employer "creates and disseminates a false and defamatory impression about the employee in connection with his termination," it deprives the employee of a protected liberty interest. Codd v. Velger, 429 U.S. 624, 628 (1997). The creation and dissemination of a false and defamatory impression is the "stigma," and the termination is the "plus."

Id. According to Defendants, Plaintiff has satisfied neither the "stigma" nor the "plus" prongs of this test. Addressing the "plus" element first, Defendants assert that because Plaintiff was never terminated or suspended from his employment with Conewago Township, he fails this part of the test. In response, Plaintiff contends that the "plus" element can be satisfied by an employment action that is less drastic than termination. However, existing legal precedent does not support Plaintiff's argument.

The Third Circuit has instructed that the "plus" requirement can only be satisfied by a tangible loss of employment; generally, anything less than termination is insufficient. See, e.g., Edwards v. Cal. Univ. of Pa., 156 F.3d 488, 492 (3d Cir. 1998) (finding reputation-based due process claim was barred where plaintiff remained employed). Allegations of "possible loss of future employment opportunities," Clark v. Twp. of Falls, 890 F.2d 611, 620 (3d Cir. 1983); "temporary removal from [usual] duties," Edwards, 156 F.3d at 492; and the denial of a promotion and transfer to a different position, Robb v. City of Phila., 733 F.2d 286, 293 (3d Cir. 1984), have all been found too intangible to satisfy the "plus" requirement.

Here, Plaintiff has not been terminated, suspended, demoted, or transferred–he remains employed as the Chief of Police for Conewago Township. Plaintiff alleges that his continued employment with the township is "seriously in jeopardy[,]" but provides no facts to support this conclusory statement. (Doc. 24, ¶ 26). Although Plaintiff claims that his "property interest in his employment and his liberty interest in keeping his job are clearly issues to be resolved in discovery[;]" this statement is incorrect for the purposes of the federal pleading standard. To survive a motion to dismiss, Plaintiff must allege enough facts to show a plausible claim for relief. Plaintiff has not, and indeed cannot, allege facts that support a reputation-based due process claim because he has not suffered any deprivation of his employment. Although Plaintiff alleges that he has been assigned tasks that fall outside of his usual duties, as explained by the court in Edwards, temporary removal from typical duties does not support a

6

reputation-based due process claim.  Edwards, 156 F.3d at 492.  Because we find that Plaintiff fails to meet the "plus" prong of the "stigma-plus" test, his due process claim (Count I) must be dismissed.[1]

### C. FMLA Claims

Plaintiff also alleges that Defendants interfered his rights under the FMLA. To succeed on this claim, Plaintiff must demonstrate that he was entitled to FMLA benefits and that he was denied those benefits.  Budhun v. Reading Hosp. and Med. Ctr., 765 F.3d 245, 252 (3d Cir. 2014).  Defendants argue that Plaintiff failed to plead any facts demonstrating that he invoked his FMLA rights or that he was denied benefits.  We agree.  Of the 96 paragraphs of factual averments in the amended complaint, Plaintiff makes only one allegation regarding a request for leave–paragraph 94 states:  "As a direct consequence of this ongoing patent [sic] of harassment and retaliation, Plaintiff was rushed to the hospital with chest pains and has had to request short-term disability as a consequence."  (Doc. 24, ¶ 94).  Apart from this single reference to a request for "short-term disability," the amended complaint contains no allegations that Plaintiff requested FMLA leave or that he was denied the same.  Although Plaintiff avers that "Defendant . . . knew or should have known that Plaintiff was making a request for leave that would be covered by the FMLA when he exhibited chest pains . . . [,]" and that "Defendant . . . unlawfully interfered with Plaintiff's FMLA leave[,]" these are conclusory

---

1. Because we conclude that Plaintiff's due process claim fails as a result of his inability to establish the "plus" element of the "stigma-plus" test, we need not examine whether he satisfied the "stigma" element of this test.

statements that cannot be relied upon to defeat a motion to dismiss.  Accordingly, we will dismiss this claim.

Plaintiff also alleges that he experienced retaliation after he invoked his FMLA rights.  This claim requires showing that:  (1) Plaintiff invoked his right to FMLA-qualifying leave; (2) he suffered an adverse employment action; and (3) the adverse action was causally related to his invocation of rights.  Ross v. Gilhuly, 755 F.3d 185, 193 (3d Cir. 2014).  As discussed above, Plaintiff has not suffered any adverse employment actions–he remains employed by the township as the Chief of Police.  Although Plaintiff correctly observes that an adverse employment action need not necessarily constitute termination, Plaintiff has failed to show that his "compensation, terms, conditions, or privileges of employment" were altered in any way.  Storey v. Burns Int'l Sec. Serv., 390 F.3d 760, 764 (3d Cir. 2004).  Without any facts to support this claim, it must be dismissed.

### E.  Amendment

Having dismissed all of Plaintiff's claims, we must now decide whether to allow Plaintiff to amend his complaint a second time.  Leave to amend may be denied for the following reasons: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failures to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of the amendment, or (5) futility of amendment.  Foman v. Davis, 371 U.S. 178, 182 (1962).  The factual averments in Plaintiff's amended complaint are identical to his first complaint.  Rather than amending

the claims asserted in the initial complaint, Plaintiff asserted two entirely new–and borderline frivolous–causes of action that are plainly not supported by the facts alleged. Plaintiff has had two opportunities to assert a viable claim on these facts and has failed twice.  We conclude that permitting Plaintiff a second opportunity to amend would not only be futile, but would also be prejudicial to Defendants, who have already litigated two motions to dismiss.  Accordingly, leave to amend a second time will be denied.

*IV.*		*Conclusion*

For the reasons stated above, Defendants' motion to dismiss (Doc. 25) will be granted.  We will issue an appropriate order.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge